

ATTORNEYS & COUNSELORS AT LAW

GRUENBERG
& KELLY

*A Professional Service Corporation*

3275 Veterans Memorial Highway, Suite B-9
Ronkonkoma, New York 11779
(631) 737-4110    Fax (631) 737-4155

November 4, 2009

Honorable Judge Arlene R. Lindsay, U.S.M.J.
United States District, Eastern District of New York
Long Island Federal Courthouse
814 Federal Plaza
Central Islip, NY 11722-4451

Re:    Ammirato, etal v. Duraclean Int'l, Inc.
        Index No. CV 07-5204 (TCP) (ARL)

Dear Magistrate Judge Lindsay:

This firm represents the plaintiffs, Vincent Ammirato, Gary Kulik, Robert Murphy, Kenneth Salbu, and Louis Vengillo in regards to breach of contract action whereby the defendants failed to repay the Plaintiffs loans which were funded by Plaintiffs personal bank accounts and home equity loans.  Plaintiff hereby opposes defendant's letter motion seeking to strike plaintiffs jury demand.

Defendant argues that plaintiff waved his right to a jury trial under Federal Rule of Civil Procedure 81(c) when he failed to serve a demand within 10 days of removal, and that Rule 39(b) – which permits a court ordered a jury trial where a party failed to demand one under Rule 38 – does not apply to cases of removal.

Rule 81(c) governs demands for jury trial in removed cases:

If at the time of removal all necessary pleadings have been served, a party entitled to trial by jury under Rule 38 shall be accorded it, if the party's demand therefore is served…within 10 days after service on the party of the notice of filing the petition…

A party who, prior to removal, has made an express demand for trial by jury in accordance with state law, need not make a demand after removal.

If state law applicable in the court from which the case is removed does not require the parties to make express demands in order to claim trial by jury, they need not make demands after removal unless the court directs that they do so within a specified time if they desire to claim trial by jury…

The failure of a party to make demand as directed constitutes a waiver by that party of trial by jury.

_____

*Id.* Since defendant did not file an answer before removing the case, the first circumstance is not applicable.

With respect to the second circumstance, plaintiff did not serve a jury demand prior to removal; nor could they since no note of issue had been filed: Under New York law, jury demands are not made until the case is ready for trial, at which time "[a]ny party may demand a trial by jury of any issue of fact triable of right by a jury, by serving upon all other parties and filing a note of issue containing a demand for trial by jury." N.Y.C.P.L.R. § 4102(a); *see also* 22 N.Y. Comp Codes R. & Regs. § 202.21 (describing contents of note of issue). This contrasts with federal practice, which does not provide for a "note of issue," and require, subject to Rule 81(c)'s special provisions for removed cases, that a jury demand be made "not later than 10 days after the service of the <u>last pleading</u> directed to [an] issue [triable of right by a jury]." Fed. R. Civ. P. 38(b).

With respect to the third circumstance, New York law, although requiring an express jury demand, does not, unlike federal law, provide a fixed deadline since the time for filing a note of issue depends on when the case is ready for trial. In addition, New York provides that "[t]he court may relieve a party from the effect of failing to [include a jury demand in the note of issue] if no undue prejudice to the rights of another party would result." N.Y. C.P.L.R. § 4102(e). Recognizing these provisions of state law, the Second Circuit has constructed Rule 81(c) to allow a district court, in its discretion, to excuse an untimely jury demand in removed cases, in much the same way that Rule 39(b) allows a court, in its discretion, to order a jury trial "notwithstanding the failure of a party to demand a jury" in cases commenced in federal court:

> [A] discretionary right must be read into the language of Rule 81(c); it comports also with Rule 39(b). The framers of Rule 81(c), taking into account the clear cut situations where state law either requires a demand or not, did not expressly consider the gray situation…where state law permits discretionary relief.

> *Higgins v. Boeing Co.*, 526 F.2d 1004, 1007 (2d Cir. 1975).

In *Higgins*, the Second Circuit remanded the case to the district court and established three factors for the court to consider in determining whether to grant an untimely jury demand in removed cases: (1) whether the issues in the case are those traditionally triable by a jury; (2) whether the parties were operating on the assumption that the trial would be a bench trial; and (3) whether the opposing party acquiesced in the jury demand or, if not, whether that party would be unduly prejudiced should the court order a jury trial. *See id.* While identifying these three factors, the court emphasized that "there are conceivably other factors of which [it was] not aware that might weight otherwise," and left the decision whether to grant a jury trial within the "sound discretion" of the district court. *Id; see also Cascone v. Ortho Pharmaceutical Corp.,* 702 F.2d 389, 393 (2d Cir. 1983) (approving, in addition to factors enunciated in *Higgins*, consideration that "plaintiffs counsel is essentially a state court practitioner having greater familiarity with New York practice and was admitted to practice in the federal courts only a year before this suit was filed").

<u>Experience of counsel</u>

In the current matter, the law firm of Gruenberg & Kelly, P.C., almost exclusively practices in the New York State court system.  In fact, this matter was originally begun in the Supreme Court of the State of New York before being removed to Federal Court.  Furthermore, Gruenberg & Kelly, P.C.  does not have a fraction of the Federal Court system experience possessed by the defendants attorneys, Graubard Miller, a seasoned veteran of the Federal Courts and procedures.

Traditionally tried by a jury

The Second Circuit has addressed jury trials in the context of a breach of contract.  In *Atlas Roofing Co. v. OSHA*, 430 U.S. 442, 459 (1977) the Court held that"[S]uits for damages for breach of contract…were suits at common law with the issues of the making of the contract and its breach to be decided by a jury." However, in *Atlas,* and in the exercise of its discretion, the Court grants defendant's motion to strike plaintiff's jury demand as untimely. Without minimizing the importance of the right to a jury trial in a suit for damages for breach of contract, the Court noted that the case is uniquely suited for a bench trial due to a highly technical nature of the evidence likely to be presented and the detailed findings that the fact-finders will be required to make. Moreover, since most of the witnesses will be doctors – whose scheduled are notoriously difficult to coordinate – a bench trial will allow the Court to adjourn the trial as necessary to accommodate these witnesses, an accommodation that would be unworkable were the case to proceed as a jury trial.  This is not the case in the current matter.  All witness are lay persons subject to the authority of this Honorable Court without the time impediments that accompany expert witnesses and there are no highly technical issue or evidence that make this case uniquely suited for a bench trial.

Parties operating under assumption

In the present matter, the defendant did not operate under the context for over two years that the matter would not be tried before a jury.  Defendants letter motion, dated October 29, 2009, indicates plaintiff's section of the Joint Pre Trial Order, dated October 7, 2009, was the first notification of plaintiff's expectation of a jury trial, but is not accurate.

I have personally spoken with defense counsel in excess of seven time times since December of 2008 and have indicated, throughout each of these conversations, that the defendant's legal theory will not present well in front of a jury given the fact that Mr. Diaz was a 50% owner of the parent company at the time of the loans.  Defense counsel continually proffered the position that, even if true, Mr. Diaz was not authorized to engage in such transactions.

Furthermore, in a conversation with Ms. Marcus regarding an extension of time to file the Joint Pre Trial Order based upon a death in the family, I indicated that the I spoken with Mr. Diaz's criminal defense attorney about the pending Summary Judgment motions.  Additionally, I informed her that I believed that motions raised  reasonable doubt for a criminal jury trial, and that an acquittal would highly disadvantageous to her client's interests in the civil jury trial.

Finally, defendant was aware and has been aware that the plaintiffs in this matter, wronged by the conduct of Mr. Diaz's, a 50% owner of Duraclean International, Inc., at the time of loans made by the plaintiffs, were always aware of the intent to have this matter tried before a jury.

Undue Prejudice

In defendant's letter motion to this Honorable Court, defendant claims undue prejudice.  Specifically, defendant claims, in page 3, that Duraclean chose not to depose 12 of previously exchanged witnesses "because it knew that they had no knowledge relevant to any of the dispositive issues in this case."  This statement undermines Duraclean's claim of prejudice.

Ms. Marcus' position that Duraclean chose not depose any additional witness "because it knew that they had no knowledge relevant to any of the dispositive issues in this case" can not now be used to claim undue prejudice.  Ms. Marcus claims that depositions would have been

Page 4
November 4, 2009

_____

conducted to establish the irrelevancy of the anticipated testimony as a basis for a motion *in limine* to preclude the testimony on relevancy grounds.  This is the sole basis for defendant's claim for undue prejudice.

Federal Rule of Evidence 402 would clearly be the remedy available to the defendant if the plaintiff intended to proffer inadmissible testimony before this Court.  Defendant has not been prejudiced by their failure to conduct basic discovery, to wit: depositions of witnesses identified by the plaintiffs in plaintiffs Initial Disclosures. Nevertheless, Defendant has informed this Court that the defendant, Duraclean International, Inc., already knows the anticipated testimony of these witnesses.  Thus, it can be reasonably concluded that defendant has conducted investigation on the anticipated testimony of the exchanged witnesses.   Therefore, Defendant can not claim under prejudice if Defendant already has knowledge of the intended testimony of the exchanged witnesses which Defendant chose not depose.  Therefore, there is no impediment to the Defendant filing any *motion in limine* that Defendant deems appropriate at the time of trial.

Accordingly, defendant still has and will have at the time of trial, their right to request an offer of proof as to the anticipated testimony of a witness, and interpose an relevancy objections before this Court, as well as the ability to file an appropriate *motion in limine* based upon defendant's investigation into the witness.  Therefore, Defendant has not been unduly prejudiced by the demand for a jury trial filed by plaintiff.

Accordingly, Plaintiffs, in the interests of justice, request that 1) permit plaintiffs jury demand to stand and 2) for further relief as the Court deems just and proper.

Respectfully submitted,

Glenn Auletta (8916)

cc: Caryn Marcus, Esq.