```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
VINCENT AMMIRATO, GARY J. KULIK,
KENNETH H. SALBU and ROBERT J.
MURPHY,

                          Plaintiff,
                                                            ORDER
          -against-                                         CV 07-5204 (ARL)

DURACLEAN INTERNATIONAL, INC.,

                          Defendant.
----------------------------------------------------------------X
```

**LINDSAY, Magistrate Judge:**

Before the court is the defendant Duraclean International Inc.'s motion to strike the plaintiffs' jury demand filed on October 27, 2009. Duraclean contends that the plaintiffs have waived their right to a jury trial. The plaintiffs oppose the motion by letter dated November 4, 2009.[1] For the reasons set forth below, the defendant's motion is granted.

## Background

The plaintiffs commenced this action by filing a summons and complaint in New York State Supreme Court on November 7, 2007. On December 14, 2007, the defendant removed the action to this court and subsequently filed its answer. The initial complaint did not contain a jury demand and the plaintiffs failed to file a jury demand after the answer was filed. On February 5, 2009, the plaintiffs filed an amended complaint. The amended complaint did not include a jury demand and the plaintiffs did not file a demand after service of the amended answer. On July 15, 2009, the defendant filed it fully briefed motion for summary judgment which remains *sub judice.*

On October 30, 2009, the parties filed their proposed joint pretrial order. The plaintiffs' draft of the joint pretrial order provided to the defendant contained a jury demand, which was immediately objected to by the defendant. Nonetheless, the same week, under separate cover, the plaintiffs filed a jury demand. The defendants now seek to strike the jury demand as untimely.

## Discussion

Under Federal Rule of Civil Procedure 38, a "party may demand a trial by jury of any issue triable of right by a jury, [but] failure to serve a demand constitutes a waiver of that right."

---

[1] The defendant has also filed a reply letter which will not be considered by the court. *See* Local rule 37.3.

*Westchester Day School v. Vil. of Mamaroneck,* 504 F.3d 338, 356 (2d Cir. 2007)(citing Fed. R. Civ. P. 38 (b) and (d)). When a case has been removed from state court, Rule 81 provides additional requirements. *See Zhao v. SUNY*, 2008 U.S. Dist. LEXIS 110369 * 4 (E.D.N.Y. Jul. 15, 2008). Federal Rule of Civil Procedure 81(c)(3)(A) provides "If the state law does not require an express demand for a jury trial, a party need not make one after removal unless the court orders the parties to do so within a specified time."[2] New York state law does require an express jury demand with a note of issue, but the New York statutes do not specify a time for filing the notice. *See Cascone v. Ortho Pharmaceutical Corp.,* 702 F.2d 389, 391 (2d Cir. 1983). As such, "the practice in New York falls within a gray area not covered by Rule 81(c)." *Id.*

In such cases, the Second Circuit has advised district courts to "weigh four factors when deciding whether to grant an untimely jury demand." *Zhao,* 2008 U.S. Dist. LEXIS at * 4-5 (citing *Higgins v. Boeing Co.,* 526 F.2d 1004, 1007 (2d Cir. 1975)). The four factors, known as the *Higgins* factors, are whether "(1) the state court has broad discretion in granting jury demands; (2) the action is one traditionally tried by juries; (3) the parties proceeded under the assumption that there would be a jury trial; and (4) granting an untimely demand would be unfairly prejudicial towards the non-moving party. *Id.* There is no question that the first two factors tip in favor of permitting the untimely jury demand to stand. New York courts frequently grant jury demands when cases are ready for trial and breach of contract disputes, although legal in nature, are often tried before a jury. *See Lum v. Discovery Capital Mgm't.,* 625 F. Supp. 2d 82 (D. Conn. 2009)(granting plaintiff's motion to file untimely jury demand in breach of contract case).

The remaining two factors, however, compel the court to grant the motion to strike. Counsel for the plaintiff contends that it almost exclusively practices in the state court system and assumed that the matter would be tried before a jury. In contrast, counsel for the defendant argues that it conducted discovery based on the understanding that the case would be tried before the court. The defendant's assumption was reasonable especially in light of the fact that the plaintiff filed an amended complaint in this court without a jury demand. The defendant further claims that it will be severely prejudiced as a result of the fourteen month delay. Specifically, the defendant contends that it approached discovery believing that the case would be tried before the court and, as such, did not depose several witnesses whose irrelevant testimony may confuse a jury. The court agrees that the defendant was prejudiced by the delay.

Accordingly, the court concludes that the relevant factors weigh in favor of granting the motion to strike the jury demand. However, the court reserves judgment on whether it will empanel an advisory jury.

Dated: Central Islip, New York  **SO ORDERED:**
      November 16, 2009

                                             _____/s/_____
                                             ARLENE R. LINDSAY
                                             United States Magistrate Judge

---

[2] Rule 81 also includes provisions for cases removed from state court where all essential pleadings have been filed before the case is removed and for cases where parties have made jury demands prior to the removal. Neither of these provisions is applicable to this case.