```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
VINCENT AMMIRATO, GARY J. KULIK,
KENNETH H. SALBU and ROBERT J.
MURPHY,

                        Plaintiff,
                                                    ORDER
       -against-                                    CV 07-5204 (ARL)

DURACLEAN INTERNATIONAL, INC.,

                        Defendant.
----------------------------------------------------------------X
```

**LINDSAY, Magistrate Judge:**

Before the court is the defendant's motion pursuant to Local Rule 6.3 seeking reconsideration of the undersigned's Memorandum and Order dated February 8, 2010, which denied, in part, summary judgment to the defendant. For the reasons set forth in this order, the motion for reconsideration is denied.

Familiarity with the earlier order is assumed. The defendant argues that the order denying summary judgment with respect to the plaintiff's breach of contract claim should be vacated for three reasons: (1) the court was in error in determining that there was an issue of fact as to whether Diaz had apparent authority to borrow money on behalf of the defendant; (2) the court was in error in determining that there was an issue of fact as to whether a special relationship existed, which would estop the defendant from asserting a usury defense; (3) and the defendant may not be held liable on a theory of reverse piercing of the corporate veil. Generally, a district court will not revisit its prior decision unless a party can show that the court overlooked controlling decisions or factual matters that were put before it on the underlying motion. Local Civil Rule 6.3. "Reconsideration of a court's previous order is an extraordinary remedy to be

employed sparingly in the interests of finality and conservation of scarce resources." *Parrish v. Sollecito,* 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003)(internal citations and quotations marks omitted). A motion for reconsideration is not an opportunity to reiterate or repackage an argument previously rejected by the court; that argument is for appeal." *PAB Aviation, Aviation, Inc. v. United States,* 2000 U.S. Dist. LEXIS 12201 at *2-3 (E.D.N.Y. 2000).

None of the arguments raised by the defendant meet the standards for reconsideration. To begin with, the defendant continues to insist that Diaz was acting independently and was not a "principal" of Duraclean despite his ownership interest in the company. The court acknowledged that Diaz's 50% stock ownership was insufficient, in and of itself, to give rise to apparent authority. Nonetheless, the court noted that (1) Diaz was the only representative of Duraclean International that had contact with the plaintiffs and (2) Diaz testified that he used the plaintiffs' money to secure jobs to be performed by the "National Team" and that the "National Team" was marketed as Duraclean International to make itself look bigger. Although Diaz also gave conflicting testimony that the National Team was presented as part of Duraclean Specialist, his franchise, it was, and still is, the court's view that the issue of apparent authority requires a credibility determination that is not for the court to make on summary judgment.

The defendant's other arguments are also quickly disposed of. The defendant's second argument in support of reconsideration is that the relationships of the plaintiffs with Diaz were "social relationships" not a "special relationships." The defendants also argue that the plaintiffs did not rely on any representations from Diaz that the loans were legal. The evidence presented to the court made it clear that these are questions of fact for the jury. The defendant's third argument with respect to the law of "reverse piercing" is a non-starter. Although the court noted that New York law recognizes "reverse piercing," the court did not rely on that law, finding instead that parties' arguments concerning liability for shareholders were intertwined with their actual and

apparent authority arguments. In sum, the court did not overlook any material issues of fact or controlling law raised by the defendant. The court simply disagreed with the defendant's characterization of the evidence, and thus, the request for reconsideration is denied.

Dated: Central Islip, New York  **SO ORDERED:**
March 24, 2010

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge